**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **Leslie Rossi.** | **CASE NO. 1:26-cv-00120** |
| **Plaintiff,** | |
| **-vs-** | **JUDGE PAMELA A. BARKER** |
| **Rocky River Board of Education.** | |
| **Defendant.** | **MEMORANDUM OPINION & ORDER** |

Currently before the Court are the Plaintiff Leslie Rossi's ("Plaintiff") Discovery Dispute Brief and Defendant Rocky River Board of Education's ("Defendant" or "School Board") Motion for a Protective Order Regarding the Location of Board Member Addie Olander's ("Ms. Olander") Deposition (the "Motion"). (Doc. Nos. 10, 11.) The Court has reviewed the parties' Position Papers, and for the reasons set forth below, exercises its discretion to conclude that the deposition of Ms. Olander that the parties have scheduled for December 21, 2026 will take place in the Jury Room of Courtroom 16A at the Carl B. Stokes United States Court House, 801 West Superior Avenue, Cleveland, Ohio 44113-1840.

**I. Background**

Plaintiff brings a First Amendment Retaliation claim against the School Board. *See* (Doc. No. 1.) Ms. Olander is a member of the School Board. (Doc. No. 11, PageID# 48.) On October 22, 2026, the parties emailed Chambers a Joint Status Report, alerting the Court to a dispute that arose in relation to the location of Ms. Olander's deposition. Therein, the parties agreed on the date for the deposition, December 21, 2026 but could not agree as to the location. Plaintiff's counsel wished to host the deposition at his office in Warren, Ohio, but Defendant maintained that this location

presented a safety concern for Ms. Olander because Plaintiff's husband Gregory Rossi, who is also Plaintiff's counsel's brother, "has a history of behaviors toward the witness, Ms. Olander, which she has found intimidating and made her feel unsafe." Defendant proposed hosting the deposition at Defendant's counsel's office or a neutral location such as the courthouse.

On October 27, 2026, this Court had a telephonic status conference to discuss this issue. Plaintiff's counsel advised that as an officer of the Court he was representing that Plaintiff's husband will not be present at the deposition of Ms. Olander at Plaintiff's counsel's office in Warren, Ohio or within a 60-mile radius of his office while the deposition is taking place. *See* Non-Doc. dated Oct. 27, 2026. Plaintiff's counsel also volunteered that if Plaintiff's husband/his brother did appear, then the Court could hold Plaintiff's counsel in contempt. *Id.* Defendant's counsel reiterated her request set forth in the Joint Status Report that the deposition of Ms. Olander take place at a neutral location, either at the Court or at her offices in downtown Cleveland, where security will be present. *Id.* Defendant's counsel was not satisfied with Plaintiff's counsel's representation or assurance that his brother/Plaintiff's husband would not attend or be within a 60-mile radius of the deposition in Warren, Ohio. *Id.* The Court ordered the parties to submit briefing on the issue by November 5, 2026. *Id.* On October 30, 2026, Plaintiff filed her Discovery Dispute Brief., and on November 5, 2026, Defendant filed its Motion. (Doc. Nos. 10, 11.)

In her Discovery Dispute Brief, Plaintiff argues that Defendant's counsel "has yet to articulate how or why her client remains frightened when the source of her fear will be more than 60 miles away when the Olander deposition is taken." (Doc. No. 10, PageID# 45.) Plaintiff attached thereto the Affidavit of Gregory Rossi, averring that "he will place himself outside of a 60-mile radius from Downtown Warren, Ohio throughout the entire deposition." (*Id.*, PageID# 47.) In the Motion, Defendant seeks a protective order, requiring the deposition to take place at the courthouse with a

security presence. (Doc. No. 11, PageID# 48.) Defendant asserts that Plaintiff and her husband "have a history and continued practice of engaging in behaviors towards [Ms. Olander]." (*Id.*, PageID# 48.) These behaviors include Plaintiff's husband "following Ms. Olander in public spaces and standing outside her private home, all while growling at her, raising his middle finger at her, and gesturing with two fingers at Ms. Olander to and from his eyes (i.e., an 'I'm watching you' gesture)." (*Id.*) This Court will address these arguments in turn below.

## II. Analysis

Rule 26(c) of the Federal Rules of Civil Procedure provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:" "specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery" and "designating the persons who may be present while the discovery is conducted" "The party seeking a protective order bears the burden of establishing good cause and a specific need for protection." *Schorr v. Briarwood Ests. Ltd. P'ship*, 178 F.R.D. 488, 491 (N.D. Ohio 1998) (citing *Landry v. Air Line Pilots Ass'n. Int'l AFL–CIO,* 901 F.2d 404, 435 (5th Cir.) (1990)). "When a dispute concerning [the location of a deposition] arises, it is within the Court's discretion to designate the location of the deposition after having considered the facts and equities of the case." *Lane v. Hoazhi*, 2023 WL 8779401, at *1 (N.D. Ohio Dec. 18, 2023) (quoting *Cabinets to Go LLC* v. *Quingdao Haiyan Real Estate Grp. Co., LTD*, 2023 WL 3922640 at *8 (M.D. Tenn. May 30, 2023)). Courts have granted protective orders seeking to designate the courthouse as a deposition location as a result of security concerns. *Bonds v. Univ. of Cincinnati Med. Ctr.*, 2017 WL 3671239 (S.D. Ohio Aug. 24, 2017) (granting protective order as to deposition location and directing

deposition to take place at courthouse where defendant expressed concerns regarding plaintiff's harassing behavior); *see also Gueye v. Comair, Inc.*, 2009 U.S. Dist. LEXIS 137431, at *7-9 (E.D. Ky. July 9, 2009) (imposing additional security restrictions on the deposition set to take place at courthouse where plaintiff sent a threatening email to defendant).

This Court finds that good cause exists for the deposition to take place at the courthouse. Attached to the Motion is a Declaration of Ms. Olander. She avers that in September and October 2025, Plaintiff's husband exhibited harassing behavior toward her which she reported to the police. (Doc. No. 11-2, ¶ 10.) She avers that "on October 30, 2025, [she] was in [her] home when [she] saw [Plaintiff's husband] standing outside of [her] home on the sidewalk staring at [her] house." (*Id.*, ¶ 13.) She explained that the "[t]he next day, on October 31, 2025, [she] was in [her] home when [she] saw [Plaintiff's husband] drive past [her] home with his window down and gesture toward [her] with his middle finger." (*Id.*, ¶ 14.) On November 11, 2025, she again witnessed Plaintiff's husband staring at her as he slowly drove past her home. (*Id.*, ¶ 15.) On November 20, 2025, she saw Plaintiff's husband standing in her driving and staring at her. (*Id.*, ¶ 16.) She explains that she continues to experience similar encounters. Ms. Olander avers that on September 8, 2026, Plaintiff's husband growled at her and followed her around the supermarket. (*Id.*, ¶¶ 17-21.) She avers that as recently as November 2, 2026, he drove slowly past her home and stared at her. (*Id.*, ¶ 22.)

Also attached to the Motion is the Declaration of Adham Schrig, the Superintendent of Rocky River City Schools. (Doc. No. 11-3.) Therein, he avers that he "ha[s] witnessed Plaintiff Leslie Rossi's husband, Gregory Rossi, drive by the Board's office building several times, slow down, and stare into the windows." (Doc. No. 11-3, ¶ 3.) He explains that it has become a "noticeable occurrence" and estimates that he has witnessed the interaction three to four times. (*Id.*, ¶ 4.) For these reasons, the Court finds that good cause supports granting the Motion.

## III. Conclusion

The Motion for a Protective Order Regarding the Location of Board Member Addie Olander's Deposition (Doc. No. 11) is granted. Accordingly, the deposition of Ms. Olander that the parties have scheduled for December 21, 2026 will take place in the Jury Room of Courtroom 16A at the Carl B. Stokes United States Court House, 801 West Superior Avenue, Cleveland, Ohio 44113-1840.

**IT IS SO ORDERED.**

*s/Pamela A. Barker*
PAMELA A. BARKER
U.S. DISTRICT JUDGE

Date: November 6, 2026